[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR STAY
The plaintiff brings an administrative appeal from a decision of the Commissioner of Motor Vehicles suspending his driving privileges in the State of Connecticut for ninety (90) days pursuant to the provisions of Conn. Gen. Stat. Sec.14-227b.
The plaintiff moves for a stay of the suspension of his operator's license pending the outcome of his appeal.
The standard to be followed in determining whether or not to grant a stay pending an administrative appeal is set forth in Griffin Hospital v. Commission on Hospitals and Health Care, 196 Conn. 451 (1985). Among the considerations are the likelihood of success of the appeal the irreparability of the consequences which would result from denying the stay, the effect of the stay on other parties, and public interests considerations.
The basis of the plaintiff's appeal is that there was no expert testimony at the license suspension hearing to establish that his blood alcohol level excused the statutory limit of .10 at the time of the offense, citing Marshall v. Del Ponte Commissioner of Motor Vehicle,4 Conn. L. Rptr. No. 2, 36 (May 27, 1991).
In balancing the equities as mandated by Griffin Hospital, supra, the Court does not conclude that the plaintiff's request for a stay should be granted. The Court is not persuaded that he is reasonably likely to be successful in his appeal.
The police report indicates that the plaintiff on September 6, 1991 at 1:10 A.M. was swerving from the white line to the center line of the roadway, on Route 31 in Coventry. That when stopped, his speech was slurred, his breath smelled of alcoholic beverage, he was swaying and his eyes were glassy and bloodshot. He could not perform the standard roadside sobriety tests. His behavior was non-cooperative and belligerent.
An intoximeter test at 2:14 A.M. resulted in a .218 reading and a second test at 2:51 A.M. read .211.
The hearing officer concluded that: 1) the police officer had probable cause to arrest the plaintiff, 2) the plaintiff was arrested, 3) the BAC tests indicated a BAC of .10 or higher at the time of the offense, 4) the plaintiff was the operator.
There was no showing that the plaintiff's due process CT Page 8755 rights were violated in the hearing process. The police report adequately supported the hearing officer's findings which he was required to make. Buckley v. Muzio, 200 Conn. 1
(1986). Conn. Gen. Stat. See. 14-227b(f).
The requirements of See. 14-227b(f) are not comparable to the requirements necessary to obtain a conviction in a criminal case. See. 14-227b(f) requires substantial evidence that the test results indicated that at the time of operation the BAC was .10 or higher (emphasis supplied). All of the circumstances of this case support the conclusion of the hearing officer, even without expert testimony extrapolating the test results. Kijanko v. State of Connecticut, Superior Court, Judicial District of Ansonia/Milford at Milford No. 91-0360-195 (1991).
Weighing the unlikely prospect of a successful appeal with the public interest considerations of the "implied consent" law — clearly intended to effect the prompt suspension of licenses in appropriate cases for the public protection, against the effect on the plaintiff, the Motion for Stay is denied.
HON. LAWRENCE KLACZAK SUPERIOR COURT JUDGE